SCHALL, Circuit Judge,
concurring-in-part and dissenting-in-part.
I join the court’s opinion except for the analysis in Part III.B, relating to the “sets of seats” limitations in claim 5 of the '869 patent. In my view, the record does not *974 contain sufficient evidence for a reasonable jury to find those limitations satisfied by Expedia 2.0. I therefore would reverse the denial of CEATS’s motion for judgment as a matter of law of non-invalidity of that claim, and would remand for a determination of damages for infringement. Accordingly, I respectfully concur-in-part and dissent-in-part.
After noting that CEATS took the position that “set” needed no construction, the majority frames the issue as follows: “[T]he question is whether the jury had sufficient evidence to find that in this context, the term ‘set’ could include a single seat, thus rendering it anticipated by the Expedia 2.0 system.” Majority Op. at 972. I believe that “set” cannot reasonably be construed to include or consist of an individual seat because neither the specification of the '869 patent nor the dictionary definition of that term supports such an interpretation.
To support its view that “sets of seats” could be comprised entirely of a single individual seat, the court highlights bar-stools S100 through S117 in Figure 4B of the '869 patent. Majority Op. at 972. Specifically, the court views the “S” in the identifying letter-number strings as an abbreviation of “Set” as that term is used in claim 5. Id. (“The figure shows each individual seat at the bar as a single set.”) However, in Figure 4B, tables in a shaded region in the center of the theater are identified with a “P,” followed by a number, while tables outside of the shaded area are identified with an “S,” followed by a number. The legend near the top of Figure 4B makes clear that the “P” and “S” in the identifier strings1 stand for “Premium Seating” and “Standard Seating.” In other words, “S” in Figure 4B does not stand for “Set” but rather “Standard Seating.” Thus, the “S” at each of the eighteen numbered barstools simply means that each stool is standard rather than premium seating. Further, the corresponding written description does not address the barstools or identify those individual seats as “sets.” See '869 patent, col. 5, 1. 55 — col. 6, 1. 16. For these reasons, I do not believe Figure 4B supports the proposition that the patentees acted as their own lexicographers to broaden the ordinary meaning of “set” to include individual seats.
In its claim construction opinion, the district court addressed whether “sets of seats” could be limited to individual seats. See CEATS, Inc. v. Cont’l Airlines, No. 6:10-cv-120, 2011 WL 2971243 (E.D.Tex. July 21, 2011). Although the district court did not construe the various related disputed phrases, the court made clear that it “does not adopt Defendants’ proposed limitations that would limit sets of seats to individual seats.” Id. at *3-4. Because, as discussed above, the specification does not broaden the ordinary meaning of “sets of seats” to include individual seats, when assessing CEATS’s motion, rather than finding that “sets of seats” should not be limited to individual seats, the district court should have relied on a dictionary meaning to find that no reasonable construction of “sets” could include individual seats. See Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1584 n. 6 (Fed.Cir.1996) (“Judges are free to consult such resources [ie., technical treatises and dictionaries] at any time in order to better understand the underlying technology and may also rely on dictionary definitions when construing claim terms, so long as the dictionary definition does not contradict any definition found in or ascertained by a reading of the patent documents.”). The word “set” in this context means a “collection or group” of things. See The Oxford American Dictionary and Language Guide 921 (1999).
*975 While a “set[] of available individual seats” might have only one available seat in it, based on the word’s ordinary meaning, a “set” must have two or more seats or it is not actually a “set,” i.e., a collection or group. Here, the defendants did not contend, and the record does not support, that Expedia 2.0 provided information about a grouping of two or more seats.* Because no reasonable jury could find claim 5 invalid when applying the evidence to a reasonable construction of the “sets of seats” limitations, I would reverse the denial of judgment as a matter of law and would remand for a determination of damages for infringement of claim 5.

 For example, a user of Expedia 2.0 could not mouse over a row on the seat map of an aircraft — which includes, for sake of example, seven seats — and receive information about how many of those seats are, in fact, available.